CLASSIFIED INSURANCE COMPANY, INC., Plaintiff-Appellant,†

v.

BUDGET RENT-A-CAR OF WISCONSIN, INC., and Budget Rent-A-Car Systems, Inc., Defendants-Respondents.

Court of Appeals

*No. 93–2329. Submitted on briefs June 22, 1994.—Decided July 26, 1994.*

(Also reported in 521 N.W.2d 177.)

†Petition to review denied.

APPEAL from an order of the circuit court for Milwaukee County: WILLIAM D. GARDNER, Judge.

For the plaintiff-appellant the cause was submitted on the briefs of *Joseph E. Schubert*, of counsel, of *Brennan & Collins* of Milwaukee.

For the defendants-respondents the cause was submitted on the brief of *James J. Jacobson* and *Thomas A. Piette* of *Piette & Jacobson* of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

WEDEMEYER, P.J.   Classified Insurance Company, Inc. appeals from an order dismissing its amended complaint for indemnification/contribution against Budget Rent-A-Car of Wisconsin, Inc. and Budget Rent-A-Car Systems, Inc. (Budget) due to Classified's having paid its insured, Joy Leamon Rodee, $30,000 for an uninsured motorist claim. Classified presents two issues for our review: (1) whether a vehicle rental company that is self-insured pursuant to § 344.16, STATS., is required to provide uninsured motorists protection for the operators and occupants of a vehicle owned by that company; and (2) whether, under the facts of this case, § 344.51, STATS., places responsibility for uninsured motorists protection upon a vehicle rental company that is self-insured. We affirm.

479

# I. BACKGROUND

This case arises out of an accident that occurred on January 12, 1989, involving an automobile operated by Joy Leamon Rodee and an automobile operated by Frank Rangel. At the time of the accident, Rodee was an employee of Budget driving a motor vehicle owned by Budget. She was not, however, renting the automobile from Budget.

Rangel was not insured at the time of the accident. Rodee had private insurance for her own vehicle through Classified. Budget was self-insured pursuant to § 344.16, STATS. Because of the accident, Rodee filed a claim with Classified. Classified paid Rodee $30,000 in uninsured motorists benefits to settle the claim.

Classified subsequently brought suit for indemnification/contribution against Budget in an attempt to recover all or a portion of the benefits that it had paid to Rodee. Classified asserted that Budget, pursuant to its self-insured status, was responsible for uninsured motorist coverage for the operators and occupants of motor vehicles owned by Budget. Budget moved for summary judgment on the grounds that as a self-insured entity under ch. 344, STATS., it is not required to provide uninsured motorist protection to operators and occupants of its motor vehicles. Classified also moved for summary judgment on the same issue. The trial court granted Budget's motion and dismissed Classified's amended complaint. Classified now appeals.

# II. DISCUSSION

Classified first asserts that Budget, as an entity self-insured pursuant to § 344.16, STATS., must provide protection to the public that includes uninsured motor-

480

ist coverage to the operators and occupants of vehicles that it owns.[1] We are not persuaded.

The Wisconsin Supreme Court recently considered the concept of self- insurance in Wisconsin in the case of *Hillegass v. Landwehr*, 176 Wis. 2d 76, 499 N.W.2d 652 (1993). Specifically, the court examined the issue of whether self-insurance constitutes "other collectible insurance" within the meaning of an "other insurance" clause contained in an insurance policy. *Id.* at 79, 499 N.W.2d at 654.

In *Hillegass*, Gregory Landwehr and Bradley Bain drove Bain's company car to Chicago on a personal trip. *Id.* at 78, 499 N.W.2d at 653. Bain was an employee of Burlington Air Express. *Id.* While driving the vehicle, Landwehr was involved in a collision. *Id.* At the time of the accident Burlington was self- insured for up to $1 million in liability. *Id.* Landwehr had his own insurance policy with a liability limit of $250,000. *Id.* Landwehr's policy contained the following language: " *Any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.* (Emphasis supplied.)" *Id.* On summary judgment, Burlington argued that because it was self-insured, there was no other collectible insurance within the meaning of Landwehr's policy. *Id.* at 78-79, 499 N.W.2d at 653. Thus, Burlington asserted that it was not the primary insurer. *Id.* at 79, 499 N.W.2d at 653. The trial court

---

[1] Section 344.16, STATS., provides, in relevant part:

**Requirements as to self-insurers. (1)** Any person in whose name more than 25 motor vehicles are registered may qualify as a self-insurer by obtaining a certificate of self-insurance issued by the secretary as provided in sub. (2).

**(2)** The secretary may, upon the application of such a person, issue a certificate of self-insurance when satisfied that such person is possessed and will continue to be possessed of ability to pay judgments obtained against such person.

disagreed and granted summary judgment to Land-wehr's insurance carrier. *Id.*

On certification from this court, the supreme court affirmed the decision of the trial court. The court concluded that self-insurance constitutes "other collectible insurance." *Id.* at 85, 499 N.W.2d at 656. The court declared: "The phrase other collectible insurance' necessarily embraces all forms of insurance, including self-insurance." *Id.* The court further explained:

> Whereas contractual insurance policies involve a third-party insurer underwriting the insured's risk in exchange for premium payments, self-insurers retain their own risk in exchange for not paying premiums. The parties implicated in the risk-shifting may change depending on the particular arrangement, but the essence of the transaction remains the same: exchanging future liability for premium payments. In the words of the circuit court: "self-insurance is just a form of insurance . . . . the modifying term self' just indicates where it emanates . . . ."

*Id.* at 81-82, 499 N.W.2d at 655.

Classified asserts that *Hillegass* mandates that a self-insurer provide uninsured motorist coverage pursuant to § 632.32, STATS. This statutory enactment provides, in relevant part:

> **Provisions of motor vehicle insurance policies. (1)** SCOPE. Except as otherwise provided, this section applies to every policy of insurance issued or delivered in this state against the insured's liability for loss or damage resulting from accident caused by any motor vehicle, whether the loss or damage is to property or to a person.
>
> . . . .

482

(4) REQUIRED UNINSURED MOTORIST AND MEDICAL PAYMENTS COVERAGES. Every policy of insurance subject to this section that insures with respect to any motor vehicle registered or principally garaged in this state against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall contain therein or supplemental thereto provisions approved by the commissioner:

(a) Uninsured motorist. 1. For the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom, in limits of at least $25,000 per person and $50,000 per accident. The insurer may increase the coverage limits provided under this paragraph up to the bodily injury liability limits provided in the policy.

In reviewing the cited statutory passages, it is clear that ch. 344, STATS., regulates the owners and operators of motor vehicles who are involved in accidents in Wisconsin. Chapter 632, STATS., on the other hand, does not regulate the owners and operators of motor vehicles, but rather regulates the necessary and permissive provisions found within any policy of insurance issued or delivered in Wisconsin. As noted by Chief Justice Heffernan, ch. 344 can be sharply contrasted with ch. 632. *Keane v. Auto-Owners Ins. Co.*, 159 Wis. 2d 539, 559, 464 N.W.2d 830, 838 (1991) (Heffernan, C.J., dissenting).

We conclude that § 632.32(4)(a), STATS., is inapplicable to Budget as a self-insured entity under § 344.16, STATS. We reach this conclusion based on our determination that § 632.32(4)(a) applies only to policies of

insurance issued or delivered in Wisconsin. Budget is not an insurance company and has not issued a policy of insurance. *See* § 600.03(25), STATS. (defining insurance), § 600.03(27), STATS. (defining insurer), and § 600.03(35), STATS. (defining insurance policy). By merely obtaining a certificate of self-insurance pursuant to ch. 344, Budget did not transform itself into an insurance entity capable of issuing an insurance policy on behalf of the operators of its vehicles.

Chapter 344 deals exclusively with regulating motorists who operate their motor vehicles on Wisconsin roads to ensure that others who are injured by the negligent operation of motor vehicles will be compensated for their injuries. A careful reading of the statute reveals that there is no requirement that an owner or operator of a vehicle that has been in an accident in Wisconsin meet any requirements to protect himself, such as with uninsured motorist coverage, in the event of an accident involving his vehicle. As noted in *Keane v. Auto-Owners Ins. Co.*, 159 Wis. 2d 539, 547-48, 464 N.W.2d 830, 833-34 (1991) (citation omitted):

> Wisconsin's financial responsibility law is found in Chapter 344 of the Wisconsin Statutes. The law is divided into two parts. The first part is Security for Past Accidents. Its purpose is to provide security for the payment of damages for past accidents. If security is not provided, the state may revoke the motorist's driving privileges. The second part of the law is Proof of Financial Responsibility for the Future. Its purpose is to provide proof of financial responsibility for future driving privileges in Wisconsin as a condition precedent to reinstatement of a revoked operating privilege.

Here, by fulfilling the requirements of § 344.16, STATS., Budget was able to satisfy the Secretary of Transportation that it was able, and would continue to be able, to pay judgments obtained against itself. The ability to pay judgments obtained against one's self, however, has nothing to do with uninsured motorist protection. Accordingly, Budget is not subject to the uninsured motorist requirements of § 632.32(4)(a), STATS.

The case of *Hillegass*, Classified's assertions to the contrary notwithstanding, does not mandate that Budget be required to provide uninsured motorist coverage in this case. As noted above, *Hillegass* addresses the issue of a self-insured's liability to a person injured by the negligence of a driver of the self- insured's vehicle. *Hillegass* does not deal with a claim for uninsured motorist coverage. *Hillegass* is further distinguishable from the case at hand because it addresses the meaning of an "other insurance" clause in a policy of insurance as opposed to the meaning and interpretation of the term "policy of insurance" as used in § 632.32, STATS. In sum, *Hillegass* simply held that self-insurance can be primary coverage — an issue not relevant in the present case.

Classified next argues that "[s]ec. 344.51 Wis. Stats. places responsibility for uninsured motorist protection upon a vehicle rental company that is self-insured and does not have a bond or policy of insurance covering the vehicle that it owns." We conclude that § 344.51, STATS., does not apply to the case at hand.

Section 344.51, STATS., provides, in relevant part:

> **Financial responsibility for domestic rented vehicles. (1)** No person may for compensation rent any motor vehicle to be operated by or

485

with the consent of the person renting the vehicle unless there is filed with the department a good and sufficient bond or policy of insurance issued by an insurer authorized to do an automobile liability insurance or surety business in this state. The bond, policy or certificate shall provide that the insurer which issued it will be liable for damages caused by the negligent operation of the motor vehicle in the amounts set forth in s. 344.01 (2) (d).

(2) Any person failing to comply with this section is directly liable for all damages caused by the negligence of the person operating such rented vehicle to the extent that such liability could have been established if this section had been complied with.

■
Classified, citing *Germanotta v. National Indemnity Co.*, 119 Wis. 2d 293, 349 N.W.2d 733 (Ct. App. 1984), posits that because the purpose of the financial responsibility statute is "to assure response in damages," liability for uninsured motorist protection in the present case should be placed on Budget. Although we agree that under the appropriate circumstances, § 344.51, STATS., is designed to "assure response in damages," nonetheless, we disagree with Classified's contention that the statute applies in this case. Section § 344.51 applies only to situations where a vehicle is rented for compensation and is being operated with the consent of the person renting the motor vehicle. This section deals specifically with providing protection for third-parties injured through the negligent operation of the rented motor vehicle. As such, it does not apply to the present factual scenario. Here, Rodee had not rented the motor vehicle from Budget. On the contrary, Rodee was an employee of Budget who had been given permission to utilize the motor vehicle for her personal use. Thus, the action does not derive from the scenario

sought to be protected by § 344.51, i.e., an injury brought about through the negligence of a person operating a motor vehicle rented by a motor vehicle rental business. Consequently, we conclude that § 344.51 is inapplicable to this case.

*By the Court.*—Order affirmed.