187 Wis.2d 424 (1994)
523 N.W.2d 130
Hilary JANIKOWSKI and Sylvia Janikowski, Plaintiffs,
AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,[]
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Samaritan Health Plan, Defendants,
NATIONAL CAR RENTAL, Proposed-Defendant-Respondent.
No. 92-2097.
Court of Appeals of Wisconsin.
Submitted on briefs July 15, 1993.
Decided September 13, 1994.
*425 For the plaintiff-appellant the cause was submitted on the briefs of Richard L. Zaffiro of Racine, Wisconsin.
For the proposed-defendant respondent the cause was submitted on the briefs of Otjen, Van Ert, Stangle, Lieb & Weir, S.C., with Patrick R. Russell, of Milwaukee.
Before Wedemeyer, P.J., Sullivan and Schudson, JJ.
SCHUDSON, J.
The issue raised by American Family Mutual Insurance Company in this case is whether an out-of-state car rental lease agreement is an insurance policy requiring uninsured motorist coverage. We hold, however, that whether or not an out-of-state lease agreement is an insurance policy is irrelevant *426 because, under §§ 344.52 and 632.32, STATS., a self-insuring out-of-state rental car agency is not required to provide uninsured motorist coverage. Therefore, we affirm.

I. BACKGROUND
On October 23, 1987, Tracy Schmidt rented a car from National Car Rental in Illinois. Patrick Janikowski, driving the car in Milwaukee with Schmidt's permission, involved the car in an accident with an uninsured vehicle. Patrick's mother, Sylvia, who was injured while riding in the car, made a claim under the uninsured (UM) portion of her American Family policy. American Family paid Sylvia $25,000 for the injuries she sustained.
Sylvia and her husband subsequently filed suit against USAA, Schmidt's auto insurer, and State Farm, her son's auto insurer. USAA obtained a summary judgment and was dismissed from the case. American Family subsequently intervened in the action and filed a proposed complaint against State Farm for indemnification. American Family also subsequently filed a proposed amended complaint against National Car Rental, a self-insurer, for indemnification. It is only American Family's action against National that is involved in this appeal.
National moved for dismissal and summary judgment, arguing that the Illinois rental lease agreement was not a contract of insurance and, therefore, National was not required to provide Wisconsin UM coverage.[1] The trial court granted National's motion, and American Family appeals.
*427 [1, 2]
We review a trial court's grant or denial of a motion for summary judgment de novo, applying the same standards as the trial court under § 802.08, STATS. That methodology has been set forth in many of our cases, see Green Spring Farms v. Kersten, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987), and need not be repeated here. Additionally, this case requires the application of a statute to undisputed facts, which we also independently review. See Millers Nat'l Ins. Co. v. City of Milwaukee, 184 Wis. 2d 155, 164, 516 N.W.2d 376, 378 (1994).
American Family's theory of National's liability is that the rental contract constituted an insurance contract under § 344.52, STATS., which requires lessors of foreign-rented vehicles to be liable for damages caused by the negligent operation of the motor vehicle. Therefore, American Family reasons, under § 632.32(4), STATS., National was required to provide UM coverage, and thus, National should reimburse American Family the money American Family paid to Sylvia.[2]
*428 The rental agreement, which American Family argues is an insurance policy, in part, provides:
9. Liability insurance or qualified self-insurance.
An automobile liability insurance or qualified self-insurance arrangement protects the Authorized Driver on a primary basis in respect to other insurance, for bodily injury or death of another (limits $25,000 each person, $50,000 each accident) and for property damage other than to the Rental Vehicle (limit $25,000) for each accident arising from use of the Vehicle as permitted by this Agreement.
The above arrangement will not provide "Uninsured Motorist" coverage, "Underinsured Motorist" coverage or minimum "No Fault" or any supplementary No Fault unless they are required to be provided by applicable law and cannot be rejected. If required, and not rejectable, the limits will be the minimum required by law.
Whether the rental contract signed in Illinois constitutes a Wisconsin insurance contract is not legally significant. Section 344.52, STATS., requires only that foreign rental car agencies provide liability coverage, which National admits it has a duty to provide. That section does not transform an out-of-state rental lease *429 that comports with National's duty in Wisconsin to provide liability coverage into a duty to provide UM coverage.
Additionally, the rental agreement also does not fall within § 632.32, STATS. Section 632.32, in part, provides:
(1) SCOPE. Except as otherwise provided, this section applies to every policy of insurance issued or delivered in this state against the insured's liability for loss or damage resulting from accident caused by any motor vehicle, whether the loss or damage is to property or to a person.
. . . .
(4) REQUIRED UNINSURED MOTORIST AND MEDICAL PAYMENTS COVERAGES. Every policy of insurance subject to this section that insures with respect to any motor vehicle registered or principally garaged in this state . . ..

(Emphasis added.) Even assuming, only for the sake of argument, that the rental agreement was an insurance policy, the lease agreement is neither "a policy of insurance issued or delivered in this state," nor a "policy of insurance ... that insure [s] ... [a] motor vehicle registered or principally garaged in this state."
[3]
We also note our recent decision, Classified Insurance Company, Inc. v. Budget Rent-A-Car, 186 Wis. 2d 478, 521 N.W.2d 177 (Ct. App. 1994), which held that a self-insured vehicle rental company was not required to provide UM coverage to one of its employees who was operating one of its vehicles that was involved in a collision with an uninsured motorist. Although Classified is distinguishable because it involved neither a rental lease agreement nor an out-of-state or foreign, self-insuring vehicle lessor, Classified still is persuasive *430 authority for the proposition that, absent a specific statutory duty, self-insurers are not required to provide UM or UIM coverage. See Millers Nat'l, 184 Wis. 2d at 176-177, 516 N.W.2d at 383 (once first-class city mandated under § 66.189, STATS., to provide UM coverage elects to be a self-insurer, "the City will be considered as any other insurer"). Whether to impose such a duty on foreign, self-insuring rental car agencies, in the absence of a specific statute, is a policy decision more appropriately left to the supreme court or legislature. See Ford Motor Co. v. Lyons, 137 Wis. 2d 397, 425-426, 405 N.W.2d 354, 365 (Ct. App. 1987) (court of appeals primarily an error-correcting court); Vollmer v. Luety, 150 Wis. 2d 891, 904-905, 443 N.W.2d 32, 37 (Ct. App. 1989), aff'd, 156 Wis. 2d 1, 456 N.W.2d 797 (1990). Accordingly, the judgment dismissing American Family's proposed amended complaint against National is affirmed.
By the Court.Judgment affirmed.
NOTES
[] Petition to review denied.
[1] National also argues that American Family's proposed amended complaint seeking indemnification from National was barred by the 3-year statute of limitations applicable to tort claims. American Family, however, argues that the 6-year statute of limitations for contracts applies, because of its alleged right of subrogation arising from a contractual relationship between Sylvia and National under the argued-for UM coverage, and also because of its payment to Sylvia under the American Family contract for UM benefits. Because of our disposition on the merits, we need not address this issue. See Gross v. Hoffman, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).
[2] Section 344.52, STATS., in part, provides:

Financial responsibility for foreign rented vehicles.
(1) Whenever any motor vehicle rented for compensation outside this state is operated in this state, the lessor of such motor vehicle is directly liable for all damages to persons or property caused by the negligent operation of such rented vehicle unless, at the time when such damage or injury occurs, the operation of the vehicle is effectively covered by a policy of insurance which provides coverage at least in the amounts specified in s. 344.01(2)(d) for property damage, personal injury or death suffered by any person on account of the negligent operation of such vehicle. The amount of liability imposed upon the lessor by this section in the absence of insurance coverage shall not exceed the limits set forth in s. 344.01 (2)(d) with respect to the acceptable limits of liability when furnishing proof of financial responsibility.