Ronnie PROPHET and Badon Prophet, Plaintiffs-Appellants,

v.

ENTERPRISE RENT-A-CAR COMPANY, INC., Defendant-Respondent,

Wanda A. REYNOLDS, Defendant.

Court of Appeals

*No. 99–0776. Submitted on briefs May 2, 2000.—Decided July 5, 2000.*

## 2000 WI App 171

(Also reported in 617 N.W.2d 225.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Robert A. Levine*, of *Law Offices of Robert A. Levine*, of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Thomas A. Piette*, of *Piette Law Firm, S.C.*, of Milwaukee.

Before Fine, Schudson and Curley, JJ.

¶ 1. SCHUDSON, J. Ronnie and Badon Prophet appeal from the circuit court judgment granting summary judgment to Enterprise Rent-A-Car Company, Inc. The Prophets argue that the circuit

court erred in concluding that Enterprise, by selling insurance to the renter of an Enterprise car in which they were passengers when the car, driven by the renter, collided with a car driven by an uninsured motorist, had *not* entered into a contract of insurance for which uninsured motorist coverage would have been required under WIS. STAT. § 632.32(4).[1] We affirm.

## I. BACKGROUND

¶ 2. The facts relevant to resolution of this appeal are undisputed. On July 17, 1996, Ricardo D. Smith rented a car from Enterprise, a self-insured rental car company. Smith did not maintain his own automobile insurance. With his car rental, however, Smith purchased from Enterprise: partial damage waiver for $6.99 per day, personal accident insurance for $1.00 per day, and supplemental liability protection for $5.95 per day. The Enterprise rental agreement stated the terms and conditions. Specifically, it defined "supplemental liability protection" in a paragraph stating, in part:

> BODILY INJURY AND PROPERTY DAMAGE RESPONSIBILITY: (a) Owner provides no bodily injury or property damage liability insurance or coverage to renter or any other operator or user of the rented vehicle for bodily injury or property damage sustained by any third party, user, or occupant of the rented vehicle. Renter's liability insurance applies, and renter warrants and represents that (s)he has and will maintain in force during the term of the rental agreement bodily injury and property damage liability insurance coverage for the opera-

---

[1] All references to the Wisconsin Statutes are to the 1995–96 version.

tion, maintenance and use of the rented vehicle by renter, or any other operator, or user or passenger of the vehicle. Such insurance coverage shall be in amounts at least equal to the financial responsibility limits required by the applicable motor vehicle financial responsibility laws of the state where the vehicle is operated or used. . . . (b) SUPPLEMENTAL LIABILITY PROTECTION (SLP). If owner offers, and Renter purchases SLP at the time of rental, authorized drivers are provided third party liability protection for up to $1,000,000.00 combined single limit per accident. . . . SLP DOES NOT APPLY . . . TO UNINSURED AND UNDERINSURED MOTORISTS . . . .

The next paragraph of the rental agreement states: "WAIVER OF PERSONAL INJURY PROTECTION AND UNINSURED-UNDERINSURED MOTORIST PROTECTION: Personal injury protection, and uninsured or underinsured motorist protection is neither contemplated, nor provided as part of this agreement. Renter expressly agrees to waive any rights to claim personal injury protection, uninsured, or underinsured motorist protection from owner."

¶ 3.   On July 23, 1996, during the period covered by the agreement, the Prophets were passengers in Smith's rented Enterprise car when it was involved in a collision with a car driven by Wanda A. Reynolds, an alleged uninsured motorist. The Prophets sued Reynolds, claiming that they suffered injuries and damages resulting from her negligence.

¶ 4.   Although they alleged no negligence of Smith or Enterprise, the Prophets also sued Enterprise, contending that "pursuant to the laws of the State of Wisconsin, the rental vehicle being operated by Smith was to contain a policy of uninsured motorist coverage"—that is, that Smith "purchased a policy of

liability insurance which, according to the laws of the State of Wisconsin, must contain an uninsured motorist provision." They asserted that "Smith's decision to purchase liability insurance from Enterprise, and Enterprise's failure to provide uninsured motorist coverage, results in the imposition of uninsured motorist coverage by operation of law pursuant to [WIS. STAT. § 632.32]." They maintained, therefore, that Smith was Enterprise's insured and that they, as his passengers, were entitled to coverage.

¶ 5. The circuit court disagreed. Granting Enterprise's motion for summary judgment, the court provided a thorough written decision concluding, in part, that under this court's decisions in *Classified Insurance Co. v. Budget Rent-A-Car of Wisconsin, Inc.*, 186 Wis. 2d 478, 521 N.W.2d 177 (Ct. App. 1994), and *Janikowski v. State Farm Mutual Automobile Insurance Co.*, 187 Wis. 2d 424, 523 N.W.2d 130 (Ct. App. 1994), the Prophets were not entitled to uninsured motorist coverage under the Smith/Enterprise rental agreement. Although the facts of the instant case differ from those of *Classified* and *Janikowski*, we conclude that their holdings logically extend to this appeal and require affirmance of the summary judgment for Enterprise.

## II. DISCUSSION

¶ 6. We review a circuit court's grant of summary judgment *de novo*, applying the same standards and methodology as the circuit court under WIS. STAT. § 802.08. *See Janikowski*, 187 Wis. 2d at 427. A circuit court's summary judgment determination of whether a car rental agreement constitutes a "policy of insurance" under WIS. STAT. § 632.32 requires the application of

statutes to undisputed facts and, therefore, also presents an issue subject to our *de novo* review. *See id.*

¶ 7. WISCONSIN STAT. § 632.32, in relevant part, provides:

> **(1)** SCOPE. Except as otherwise provided, this section applies to every policy of insurance issued or delivered in this state against the insured's liability for loss or damage resulting from accident caused by any motor vehicle, whether the loss or damage is to property or to a person.
>
> . . . .
>
> **(4)** REQUIRED UNINSURED MOTORIST AND MEDICAL PAYMENTS COVERAGES. Every policy of insurance subject to this section . . . shall contain . . . provisions approved by the commissioner [of insurance]:
>
> (a) *Uninsured motorist.* 1. For the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury . . . in limits of at least $25,000 per person and $50,000 per accident.

It is undisputed that if the Smith/Enterprise rental agreement constitutes a "policy of insurance" subject to § 632.32, then the policy would require uninsured motorist coverage and the Prophets, as Smith's passengers, would be covered. It is also undisputed, however, that if the rental agreement does not constitute a "policy of insurance" subject to the requirements of § 632.32, then the agreement's explicit provisions waiving uninsured motorist coverage would preclude the Prophets' claim.

¶ 8. The Prophets argue that the Smith/Enterprise rental agreement created a "risk sharing arrangement" establishing a "policy of insurance." *See* WIS. STAT. § 600.03(25)(a)1 (" 'Insurance'

includes . . . [r]isk distributing arrangements providing for compensation of damages or loss through the provision of services or benefits in kind rather than indemnity in money."); *see also* WIS. STAT. § 600.03(35) (" 'Policy' means any document other than a group certificate used to prescribe in writing the terms of an insurance contract."). Understandably, therefore, they contend: "If the legislature intended to require all insurers to provide uninsured motorist coverage in every policy of automobile insurance so to[o] did it intend for rental car companies *that actually provide insurance coverage to their customers* to provide uninsured motorist coverage as well."

¶ 9.   Enterprise responds, however, that WIS. STAT. § 632.32(4)(a) is inapplicable to self-insured vehicle rental companies. Instead, Enterprise maintains, WIS. STAT. ch. 344 governs and does not require that a self-insured vehicle rental company provide uninsured motorist coverage. Enterprise is correct.

¶ 10.   It is undisputed that, prior to the accident, Enterprise had obtained a certificate of self-insurance from the Wisconsin Secretary of Transportation, pursuant to WIS. STAT. § 344.16, which, in relevant part, provides:

> **Requirements as to self-insurers. (1)** Any person in whose name more than 25 motor vehicles are registered may qualify as a self-insurer by obtaining a certificate of self-insurance issued by the secretary [of transportation] as provided in sub. (2).
>
> **(2)**   The secretary may, upon the application of such a person, issue a certificate of self-insurance when satisfied that such person is possessed and will continue to be possessed of ability to pay judgments obtained against such person.

It is also undisputed that although Chapter 344 establishes certain requirements for self-insuring entities, providing uninsured motorist coverage is not among them.

■■■■

¶ 11.   A motor vehicle rental company operating in Wisconsin is subject to the requirements of WIS. STAT. § 344.51, a section of Wisconsin's financial responsibility law for rented vehicles. It provides, in part:

> No person may for compensation rent . . . any motor vehicle to be operated by . . . the person renting . . . the vehicle unless there is filed with the department [of transportation] a good and sufficient bond or policy of insurance issued by an insurer authorized to do an automobile liability insurance or surety business in this state. The bond, policy or certificate shall provide that the insurer which issued it will be liable for damages caused by the negligent operation of the motor vehicle . . . .

WIS. STAT. § 344.51(1). As we clarified in *Classified*, this section of the statute "deals specifically with providing protection for third-parties injured *through the negligent operation of the rented motor vehicle.*" *See Classified*, 186 Wis. 2d at 486 (emphasis added). By its clear and unambiguous terms, however, it does not provide protection for persons injured through the negligent operation of another vehicle, even if driven by an uninsured motorist.

¶ 12.   Still, even accepting that Enterprise is governed by WIS. STAT. § 344.51, might its rental agreements, providing insurance, *also* be subject to the requirements of WIS. STAT. § 632.32? Under *Classified* and *Janikowski*, the answer is no.

¶ 13. In *Classified*, Rodee, an employee of Budget Rent-A-Car, had not rented a car but was driving a Budget car when she was involved in a collision with an uninsured motorist. *See Classified*, 186 Wis. 2d at 480. Rodee's own vehicle was insured by Classified Insurance Company; Budget was self-insured under WIS. STAT. § 344.16. *See id.* Classified paid Rodee $30,000 to settle her uninsured motorist claim, and then sued Budget for indemnification/contribution. *See id.* The circuit court granted summary judgment to Budget, concluding that Budget, as a self-insured entity under WIS. STAT. ch. 344, was not required to provide uninsured motorist coverage for occupants of its cars. *See id.*

¶ 14. We affirmed, concluding that because Budget was a self-insured entity under WIS. STAT. § 344.16, it was not subject to WIS. STAT. § 632.32(4)(a) and, therefore, was not required to provide uninsured motorist coverage. *See id.* at 483–87. Declaring that § 632.32(4)(a) was "inapplicable," we explained:

> We reach this conclusion based on our determination that § 632.32(4)(a) applies only to policies of insurance issued or delivered in Wisconsin. Budget is not an insurance company and has not issued a policy of insurance. . . . By merely obtaining a certificate of self-insurance pursuant to ch. 344, Budget did not transform itself into an insurance entity capable of issuing an insurance policy on behalf of the operators of its vehicles.
>
> . . . A careful reading of [ch. 344] reveals that there is no requirement that an owner or operator of a vehicle that has been in an accident in Wisconsin meet any requirements to protect himself, such as with uninsured motorist coverage, in the event of an accident involving his vehicle.

*Id.* at 483–84.

¶ 15. Still, the instant case is distinguishable. After all, here, unlike the situation in *Classified* where the Budget employee had not rented the car she was driving, the Prophets were in a car that Smith had rented. Further, Smith not only paid Enterprise to rent the car, but also paid for insurance. Thus, the Prophets reasonably argue that *Classified* does not control. But they still must contend with *Janikowski*.

¶ 16. In *Janikowski*, Schmidt rented a car from National Car Rental in Illinois and gave Janikowski permission to drive it. *See Janikowski*, 187 Wis. 2d at 426. While driving the car in Milwaukee, with his mother as a passenger, Janikowski was involved in an accident with an uninsured vehicle; his mother was injured. *See id.* Janikowski's mother was insured by American Family Mutual Insurance Company, which paid her $25,000 under the uninsured motorist portion of her policy. *See id.* American Family then sued National for indemnification. *See id.* The circuit court granted summary judgment to National, concluding that the Illinois rental lease agreement did not constitute an insurance contract and, therefore, National was not required to provide Wisconsin uninsured motorist coverage. *See id.*

¶ 17. We affirmed; in doing so, however, we rejected the formulation of the issue as raised by American Family—"whether an out-of-state car rental lease agreement is an insurance policy requiring uninsured motorist coverage." *See id.* at 425. Instead, we held that "whether or not an out-of-state lease agreement is an insurance policy is irrelevant because, under [WIS. STAT.] §§ 344.52 and 632.32, . . . a self-insuring out-of-state rental car agency is not required to provide uninsured motorist coverage." *See id.* at 425–26. Moreover,

and of particular significance to the instant appeal, we commented:

> We also note our recent decision [in *Classified*], which held that a self-insured vehicle rental company was not required to provide [uninsured motorist] coverage to one of its employees who was operating one of its vehicles that was involved in a collision with an uninsured motorist. Although *Classified* is distinguishable because it involved neither a rental lease agreement nor an out-of-state or foreign, self-insuring vehicle lessor, *Classified* still is persuasive authority for the proposition that, *absent a specific statutory duty, self-insurers are not required to provide [uninsured motorist] or [underinsured motorist] coverage.*

*Id.* at 429–30 (emphasis added).

¶ 18. Although neither *Classified* nor *Janikowski* addressed circumstances quite like those of the instant case, taken together, they all but mandate our rejection of the Prophets' argument. *Classified* establishes that WIS. STAT. § 632.32(4)(a) is "inapplicable to . . . a self-insured entity." *See Classified*, 186 Wis. 2d at 483. Enterprise is a self-insured entity. *Janikowski* establishes that "absent a specific statutory duty, self-insurers are not required to provide [uninsured motorist] . . . coverage." *Janikowski*, 187 Wis. 2d at 430. No statute requires Enterprise, a self-insured entity, to provide uninsured motorist coverage as part of the optional insurance it offers its customers. Thus, notwithstanding the distinguishing factors of each case, we conclude that *Classified* and *Janikowski*, read together, defeat the Prophets' theory.

¶ 19. We can appreciate the Prophets' concerns, and we do understand that they and others who occupy

160

rental vehicles, for which optional insurance coverage has been purchased, may be surprised to learn of the limits of the coverage. Still, in this case, the limitations were clearly stated in the rental agreement. Further, if the Prophets are correct in arguing that this conclusion is "inconsistent with the intent and purpose" of WIS. STAT. § 632.32(4), then we must say here, as we said in *Janikowski*, that reaching a different conclusion would involve "a policy decision more appropriately left to the supreme court or legislature." *See Janikowski*, 187 Wis. 2d at 430.

*By the Court.*—Judgment affirmed.