Ronald C. WILLIAMS, Plaintiff,

v.

REXWORKS, INC., Defendant-Third-Party
Defendant-Respondent,

REXNORD, INC., Rexnord Holdings, Inc., Fairchild
Corporation, Banner Industries, Defendants-
Third-Party Plaintiffs-Appellants,

REX PT, INC., Rex Chainbelt, Rex Con, Northfield
Insurance Company, Defendants,

v.

GUIFFRE BROS. CRANES, INC., Third-Party
Defendant-Respondent.

Court of Appeals

*No. 03–3047. Oral argument September 28, 2004.—Decided
November 2, 2004.*

2004 WI App 228

(Also reported in 691 N.W.2d 897.)

On behalf of the defendants-third-party plaintiffs-appellants, the cause was submitted on the briefs of *Karen M. Schapiro* and *Benjamin C. Grawe* of *DeWitt Ross & Stevens, S.C.*, of Brookfield. There was oral argument by *Karen M. Schapiro*.

On behalf of the defendant-third-party-defendant-respondent, the cause was submitted on the brief of *Karen L. Tidwall*, of *Whyte, Hirschboeck, Dudek S.C.*, of Milwaukee. There was oral argument by *Karen L. Tidwall*.

Before Curley, Kessler and Nettesheim, JJ.

¶ 1. CURLEY, J. Rexnord, Inc., Rexnord Holdings, Inc., Fairchild Corporation, and Banner Industries, Inc. (collectively "RHI") appeal from the trial court's denial of their motion for partial summary judgment on their cross-claim for reimbursement of attorneys' fees and costs against Rexworks, Inc., a co-defendant in a products liability suit, and the trial court's grant of Rexworks' cross-motion for summary judgment. RHI contends that the trial court erred in determining "that RHI was not entitled to control its own defense and have Rexworks reimburse it for its attorneys' fees and costs." Because Rexworks accepted RHI's tender of defense and RHI failed to establish an actual conflict or provide any valid independent basis for its contention that it was entitled to separate counsel or the reimbursement of its fees, we affirm.

## I. BACKGROUND.

¶ 2. In January 2000, Ronald C. Williams filed a personal injury lawsuit against RHI and Rexworks, among others. Williams alleged that he was injured while operating a defective conveyor machine in 1997. The allegedly defective machine had been manufactured by the Construction Machinery Division of Rexnord, Inc.[1] In 1982, however, Rexworks purchased the Division from Rexnord. In connection with the sale, Rexworks and Rexnord entered into an agreement, effective March 28, 1982, that included provisions allocating responsibility for products liability, personal injury, and other claims and related litigation that might arise in connection with the Division.

---

[1] Rexnord, Inc. was a predecessor corporation to RHI.

¶ 3. Article 1 of the agreement provided, in relevant part: "Responsibility for product liability claims and litigation will be on an occurrence basis. Those occurring prior to noon C.S.T. on the Closing Date will be for Rexnord's account; occurrences after noon C.S.T. on the Closing Date will be for [Rexworks'] account." Exhibit C of the agreement provided that, as of the closing date, Rexworks assumed Rexnord's liability for, among other things, "[p]ersonal injury and property damage claims arising out of the Construction Machinery ("CM") product lines . . . but only such claims as shall arise out of occurrences after noon C.S.T. on April 23, 1982." Furthermore, the agreement also provided that:

> [Rexworks] expressly agrees to make available to Rexnord and its counsel all those [Rexworks] employees . . . who are knowledgeable about any facts relating to a claim or litigation for which Rexnord shall be responsible pursuant to this agreement. [Rexworks] shall make such employees available to Rexnord at such times and for such periods as Rexnord and its counsel shall determine are necessary.
>
> . . . .
>
> Rexnord shall make available to [Rexworks] and its counsel all those Rexnord employees relating to a claim or litigation for which [Rexworks] shall be responsible pursuant to this Agreement. Rexnord shall make such employees available to [Rexworks] at such times and for such periods as [Rexworks] and its counsel shall determine are necessary.

¶ 4. As such, in August 2000, in response to the lawsuit filed by Williams, RHI notified Rexworks that "to the extent that it is shown the injury is connected to a construction machinery division product," RHI was putting Rexworks "on notice that [it (Rexworks) was]

obligated to defend, indemnify and hold harmless [RHI] from and against any and all liabilities, costs, claims, fees, including attorneys' fees, and the like, with respect to the [Williams] litigation." Several months later, in December 2000, RHI formally tendered the defense of the matter to Rexworks by letter.

¶ 5. As of April 23, 2001, Rexworks had yet to accept RHI's tender. On that date, RHI filed a cross-claim against Rexworks for declaratory relief and breach of contract. The cross-claim alleged that, pursuant to the sale agreement, Rexworks was obligated to assume responsibility for all personal injury and product liability claims arising out of the Construction Machinery Division occurring after the conveyance of the assets, and sought a judgment declaring that Rexworks is liable "for the cost of defending [Williams'] claims to date, any and all future costs and damages to be incurred in connection with [Williams'] claims and damages connected with the breach of the Agreement for Sale."

¶ 6. On June 18, 2001, Rexworks filed its answer to RHI's cross-claims denying that it had breached the 1982 agreement and alleged that it had "not refused the tender of defense or refused to honor its obligations under the Agreement," but instead was conducting a "factual investigation into the intent of the contracting parties" relative to the agreement language referenced in the cross-claim. Shortly thereafter, on June 29, 2001, Rexworks accepted RHI's tender of defense.

¶ 7. After Rexworks accepted RHI's tender of defense, there were several instances of correspondence and communication between them concerning RHI's requests for reimbursement of its attorneys' fees and costs, a potential conflict of interest, whether Rexworks had agreed to indemnify RHI, and Rexworks' financial

troubles and eventual dissolution. In November 2001, Rexworks' counsel, Attorney Tidwall, informed RHI's counsel, Attorney Shapiro, that, despite Rexworks' financial troubles, Rexworks' insurer had agreed to pay for Tidwall's law firm's defense of Rexworks and RHI. Shortly thereafter, the attorneys had a meeting at which time they discussed the potential conflict of interest. However, the potential conflict of interest issue was never brought before the trial court for determination.[2] Tidwall also refused to stipulate to judgment on the first paragraph of the cross-claim.

¶ 8. In December, Shapiro tendered RHI's claims to Rexworks' insurer. Just under two weeks later, RHI filed for partial summary judgment on the cross-claim,[3] and Rexworks opposed the motion. In January 2002, before Rexworks' insurer had responded, RHI withdrew its tender to the insurer. In February 2002, the trial court denied RHI's motion for partial summary judgment.

¶ 9. Both Tidwall and Shapiro continued to defend the action. RHI filed a motion to dismiss Williams' first amended complaint, and in June 2002, the trial court granted the motion dismissing Williams' action in

[2] Indeed, it is unclear what the source of the alleged conflict actually was. During oral argument, RHI was unable to identify a clear conflict in relation to the plaintiff's claims. It appears that RHI may have been relying on Rexworks' refusal to accept its demand for a judgment for its attorneys' fees as the source of the conflict, but again, the trial court did not have the opportunity to address this issue.

[3] RHI sought summary judgment on its claim requesting a judgment declaring that "Rexworks is liable to [RHI] for costs, damages and fees, including reasonable attorneys' fees, that [RHI has] incurred or may incur on account of [Williams'] claims."

its entirety. After the dismissal of Williams' action, RHI continued to pursue the cross-claim for reimbursement of its attorneys' fees and costs. In January 2003, RHI filed an amended cross-claim/third-party complaint that added Guiffre Bros. Cranes, Inc. as a defendant, based on the theory that it is the "alter ego" of Rexworks. In March, RHI moved for partial summary judgment on the cross-claim, and in opposition to the motion, Rexworks sought judgment in its favor. Among other things, RHI argued that, despite its earlier tender of defense, it never acceded to representation by Rexworks because of the underlying potential conflicts of interest between the parties, the conflicts were never waived, and it had a right to control its defense and be reimbursed for those fees and costs.

¶ 10. On September 11, 2003, the trial court denied RHI's motion and entered judgment in Rexworks' favor, dismissing the cross-claim. It found no legal authority for RHI's claim that it had to consent to representation by Rexworks after tendering the defense, or for the claim that it had a right to control its own defense:

> RHI ... maintains that it never acceded to representation by Rexworks because there w[ere] potential conflicts of interest between the parties. Any potential conflicts of interest were not brought to the Court's attention at any time for determination.

> This Court has considered RHI['s] arguments but could find no case law to support the position that [RHI] had to, or had a right to, accede to representation by Rexworks before Rexworks could represent [RHI]. Both counsels have directed the Court to review insurance law – case law and the general business context. . . . [T]hey were of no assistance to this Court in making the determination in this case regarding

501

whether or not Rexworks is liable for the attorney's fees and costs incurred by [RHI]. . . . This Court is unaware of any legal authority that would require Rexworks to pay the attorney's fees and costs incurred by [RHI] subsequent to the acceptance of the tender of defense. Once the tender of defense was accepted by Rexworks, [RHI] was represented by counsel selected and retained by Rexworks. [RHI] did not have the right to choose its own counsel and require Rexworks to pay for that representation. The Court is mindful of Attorney Shapiro's position that there were potential conflicts, but such conflicts were never brought to the Court's attention. The defense was tendered and then it was accepted. To this Court's knowledge, there is no third step that is required under the law.

Thereafter, the trial court ruled that Rexworks was liable for RHI's reasonable attorneys' fees and costs from the date RHI notified Rexworks that it intended to tender the defense through the date Rexworks accepted the tender. The parties stipulated that Rexworks would pay RHI $5,000 to cover the fees and costs for the relevant period, and RHI would dismiss all claims with regarding fees and costs for that time period. A final order was entered, and RHI now appeals.[4]

## II. ANALYSIS.

¶ 11. "When called upon to review the denial of a summary judgment motion, we must apply the standards set forth in [WIS. STAT. §] 802.08 . . . in the same manner as the trial court." *Germanotta v. National Indem. Co.*, 119 Wis. 2d 293, 296–97, 349 N.W.2d 733 (Ct. App. 1984). That methodology is well known, and

---

[4] The fees and costs incurred during the time between the tender and acceptance of defense are not a part of this appeal.

need not be repeated here. *See* § 802.08;[5] *Grams v. Boss*, 97 Wis. 2d 332, 338–39, 294 N.W.2d 473 (1980). Furthermore, interpretation of a contract is a question of law that appellate courts review *de novo. See Deminsky v. Arlington Plastics Mach.*, 2003 WI 15, ¶ 15, 259 Wis. 2d 587, 657 N.W.2d 411.

¶ 12. Both parties agree that, pursuant to the 1982 agreement, Rexworks was obligated to defend RHI in the underlying suit commenced by Williams. Both parties also agree that Rexworks accepted tender of the defense on June 29, 2001. They disagree, however, as to whether it was necessary for RHI to consent to Rexworks' representation after Rexworks accepted the tender, and how Rexworks was to satisfy its obligations under the 1982 agreement.

¶ 13. RHI contends that the trial court erred in ruling that RHI was not entitled to control its own defense and have Rexworks reimburse it for its attorneys' fees and costs. RHI frames the issue as:

> [w]hether an indemnitee may control its legal defense by selecting its own counsel and then having the indemnitor reimburse it for its attorneys' fees and costs in a case when there is a potential or actual conflict of interest between the indemnitee and indemnitor and the underlying indemnification agreement is silent as to the means by which the indemnitor fulfills its duties under the indemnification agreement[.]

RHI insists that the "sole means for Rexworks to discharge its obligations under the Agreement would be

---

[5] WISCONSIN STAT. § 802.08(2) provides, in relevant part: "The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

to allow RHI to control its own defense and then reimburse it for attorneys' fees and costs." Furthermore, RHI contends that the Supreme Court Rules mandate the outcome it requests because a conflict of interest barred joint representation, and there was no consent or waiver by RHI.

¶ 14. Rexworks argues that it "is not obligated to reimburse RHI's separate counsel's attorneys' fees and costs unilaterally incurred after Rexworks accepted RHI's tender of this lawsuit." Rexworks asserts that Wisconsin follows the American Rule regarding the allocation of attorneys' fees, and insists that the 1982 agreement did not "clearly and unambiguously" require Rexworks to reimburse RHI for its separate fees and costs. Rexworks also contends that RHI has cited no legal authority mandating that RHI has a right to control its own defense and be reimbursed, that the Supreme Court Rules do not provide an independent basis for such a claim, and that RHI is estopped from claiming attorneys' fees based on an alleged conflict of interest that was never brought before the trial court for determination.

¶ 15. At the outset, we note that the parties and the trial court have referred to the relevant language in the contract as an "indemnity" clause. It has no such label, and, in fact, the word indemnification never appears in the clause(s). Indeed, there is very little language in the contract relevant to the issue of who is responsible for which products liability actions and on what terms. While the "who" and "which" are straightforward, the "on what terms" is troubling. The scope of the "responsibility" allocated is, to say the least, not painstakingly defined.

¶ 16. Notably, there is no mention of "reservations of rights" or an explicit explanation of the allocation of

attorney fees—a key difference from many insurance cases regarding conflicts of interest and separate counsel, and cases concerning indemnification clauses with the allocation of attorney fees specifically defined. Moreover, this is not a case in which a party has refused to accept the tender of defense. Thus, there appear to be only a few core issues: (1) What did the contract actually say? (2) What effect, if any, does the alleged conflict of interest have on the tender of defense? and (3) Is there any authority for the proposition that RHI is entitled to control its own defense and be reimbursed for its attorneys' fees and costs?

¶ 17. As noted, the contract provided: "Responsibility for product liability claims and litigation will be on an occurrence basis. Those occurring prior to noon C.S.T. on the Closing Date will be for Rexnord's account; occurrences after noon C.S.T. on the Closing Date will be for [Rexworks'] account." Further, it stated that Rexworks assumed Rexnord's liability for "[p]ersonal injury and property damage claims arising out of the Construction Machinery ("CM") product lines . . . but only such claims as shall arise out of occurrences after noon C.S.T. on April 23, 1982." There is also a clause indicating that "[e]ach party shall bear all attorney fees, accounting fees and any and all finder and brokerage fees, if any, incurred by it in relation to this Agreement or related transaction." As acknowledged by RHI, the agreement is silent as to how either party is to discharge its obligation to defend the other. However, pursuant to the agreement, RHI elected to tender its defense to Rexworks and Rexworks accepted tender of the litigation.

¶ 18. RHI contends that since the agreement is silent as to how one party is to properly discharge its

obligation to the other and in "light of the fact that there existed a potential or actual conflict of interest between the parties, the sole way for Rexworks to honor its obligations was to allow RHI to control its own defense and then reimburse RHI for its attorneys' fees and costs." We disagree. RHI never established that a conflict existed, nor did it request the trial court to determine as much. RHI never unequivocally informed Rexworks that it believed there to be a conflict and therefore was proceeding with independent counsel as of right, and fully expected to be reimbursed since, under the agreement, Rexworks was responsible for the defense.[6] Absent a conflict, Rexworks has performed under the contract by accepting the tender of defense and agreeing to pay RHI for the attorneys' fees it incurred from the time it gave notice of its intent to tender and Rexworks' acceptance of the tender. RHI also provides no binding and relevant authority to support the proposition that the sole means by which Rexworks could have properly satisfied its obligation to defend RHI was to allow RHI to control its own defense and then reimburse RHI.

¶ 19. Quite simply, if RHI did indeed believe that it was entitled to separate counsel, and accordingly, to the reimbursement of its fees, on the basis of the existence of some conflict, it should have taken the necessary steps to actually establish that a conflict existed, and brought the matter before the trial court for determination. Instead, we have an agreement that is silent as to how either party is to properly discharge its defense duties, an accepted tender of defense, RHI's

---

[6] We also observe that had a conflict been established, and separate counsel ordered by the trial court, it remains to be seen who would be responsible for the attorneys' fees given the paucity of relevant language in the agreement.

assertion that they believed there was a conflict and never "acceded" to joint representation, and Rexworks' belief that no conflict existed. Furthermore, RHI has pointed to no authority indicating that once the defense is tendered, and accepted, the tenderor has to "accede" to joint representation. There is no basis in the law or the agreement requiring that third step. Pointing to a potential conflict of interest does not fill that gap, especially considering the fact that the conflict was never actually established or brought before the trial court for determination.

¶ 20. Furthermore, the Supreme Court Rules do not provide an independent basis to support RHI's claim that it was entitled to separate counsel and the reimbursement of its attorneys' fees. Indeed, the preamble to Chapter 20, the Rules of Professional Conduct for Attorneys, provides in relevant part:

> Violation of a rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability.

Thus, it is clear from the preamble, and from the lack of any authority to the contrary, that the Supreme Court Rules do not provide an independent basis for civil liability, and do not create any presumption that a legal duty has been breached. As such, any reliance RHI places on the Supreme Court Rules for attempting to establish the "sole means" by which Rexworks could discharge its obligation under the agreement—allowing RHI to secure separate counsel and reimbursing RHI for the attorneys' fees incurred therefrom—is misplaced.

¶ 21. When, as here, an agreement is silent as to how one party is to properly discharge its obligation to defend the other, the defense was tendered and accepted, and a conflict of interest has not been established or determined to exist, there is no basis on which to conclude that the party that tendered *its* defense to the other is entitled to separate representation and reimbursement of the fees that are incurred after tender is accepted. RHI has provided us with no authority, and we have found none, to hold otherwise. As such, we affirm the trial court's grant of summary judgment in favor of Rexworks.

*By the Court.*—Orders affirmed.