Marshfield Clinic, Plaintiff-Appellant,
v.
Tennes A. Tulpan and Judith T. Tulpan, Defendants-Respondents.
No. 04-1590-FT.
Court of Appeals of Wisconsin.
Opinion Filed: December 28, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 HOOVER, P.J.
Marshfield Clinic appeals a summary judgment granted in favor of Tennes and Judith Tulpan regarding a balance due on the Tulpans' account at the clinic.[1] The clinic argues the Tulpans are liable for the balance due even though the debt had initially been extinguished after payment by their insurance provider, Blue Cross Blue Shield, which later asked for and received a refund of the amount it paid. The refund resulted in the balance due. We conclude the Tulpans are not liable for the debt and affirm the judgment.

BACKGROUND
¶2 Judith Tulpan received medical services at Marshfield Clinic from 1999 through 2001. The Tulpans' primary insurance provider was Jeld-Wen and their secondary provider was Blue Cross Blue Shield. However, both insurance companies paid as a primary provider, resulting in an overpayment to the clinic. The clinic returned most of the overpayment to Blue Cross Blue Shield, but retained the amount it determined Blue Cross Blue Shield would pay as the secondary insurance provider.
¶3 Blue Cross Blue Shield requested that the clinic return the remainder of the money it had paid on the Tulpans' account so that it could determine for itself what it would have paid as the secondary insurance provider. The clinic did so. The result was a balance due on the Tulpans' account of $3,484.98. The clinic brought this action against the Tulpans to recover that amount.
¶4 Both parties moved for summary judgment. The circuit court agreed with the Tulpans' argument that their debt was discharged when Blue Cross Blue Shield initially made payments on their behalf and the clinic accepted the payments. The court cited 60 AM. JUR. 2d Payment By Third Person Generally § 54 (2003), which states, "A payment by one not primarily liable on an obligation, if accepted by the creditor in full or partial satisfaction of the debt, can be set up as a defense by the party primarily liable. To have this effect, however, the payment must have been intended to discharge the debtor's obligation." (Footnotes omitted). Thus, the court concluded the Tuplans were no longer liable, even though the clinic later returned the money to Blue Cross Blue Shield.

DISCUSSION
¶5 We review summary judgment de novo, applying the same method as the trial court. Green Spring Farms v. Kersten, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Summary judgment is appropriate when there is no material factual dispute and the moving party is entitled to judgment as a matter of law. Germanotta v. National Indem. Co., 119 Wis. 2d 293, 296, 349 N.W.2d 733 (Ct. App. 1984). Summary judgment methodology is well established and need not be repeated here. See, e.g., Lambrecht v. Estate of Kaczmarczyk, 2001 WI 25, ¶¶20-24, 241 Wis. 2d 804, 623 N.W.2d 751.
¶6 The clinic argues the trial court erroneously relied upon 60 AM. JUR. 2d Payment By Third Person Generally § 54 (2003), as justification for finding the Tulpans not liable for the debt. It maintains that section fails to address the situation here, where the third party later recalls the payment. However, the clinic concedes that payment of a debt extinguishes the debt. Thus, the Tulpans' debt was extinguished when the clinic accepted payment by Blue Cross Blue Shield. The clinic cites no authority stating that once a debt is extinguished the creditor can unilaterally revive it.
¶7 The clinic does cite two theories of contract law it maintains allows it to recover from the Tulpans. The first is from 66 AM. JUR. 2d Restitution and Implied Contracts § 160 (2001). This section states that when a third party makes a payment under an honest, good faith belief it had an obligation to pay, it can seek recourse from the party for whose benefit the payment was made. The second argument is from 66 AM. JUR. 2d Restitution and Implied Contracts § 145 (2001). This section states that a third party cannot sue an innocent payor if the third party received the money in good faith and without knowledge of mistake. However, the clinic does not show that it raised these theories in the trial court, nor does our review of the record indicate that it did so. Therefore, we do not address them on appeal. See Terpstra v. Soiltest, Inc., 63 Wis. 2d 585, 593, 218 N.W.2d 129 (1974).
By the Court.  Judgment affirmed.
NOTES
[1] This is an expedited appeal under WIS. STAT. RULE 809.17 (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.