Kaitlin Woods Condominium Association, Inc.,
Plaintiff-Appellant,

v.

North Shore Bank, FSB, Defendant-Respondent,

Securant Bank & Trust, p/k/a MW Bank,
Defendant.

Court of Appeals

*No. 2012AP2771. Submitted on briefs September 3, 2013.
—Decided November 5, 2013.*

2013 WI App 146

(Also reported in 841 N.W.2d 562.)

1

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Douglas W. Rose* and *Lora L. LoCoco* of *Rose & deJong, S.C.* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *John M. Van Lieshout* and *Rebecca Frihart Kennedy* of *Reinhart Boerner Van Deuren, S.C.* of Milwaukee.

Before Fine, Kessler and Brennan, JJ.

¶ 1. KESSLER, J. Kaitlin Woods Condominium Association, Inc. ("the Association") appeals the order granting summary judgment to North Shore Bank ("NSB") that dismissed the Association's complaint seeking to force NSB to pay Association unit assessments on six platted, but unbuilt, condominium units. The property was acquired by NSB in a mortgage foreclosure and sheriff's sale. Because we conclude that the condominium Declaration unambiguously protects NSB from these assessments, we affirm.

## BACKGROUND

¶ 2. At issue in this appeal is whether NSB should pay assessments with respect to six platted, but unbuilt, condominium units acquired by a sheriff's sale. NSB became the owner of the vacant land on which six condominium units were planned to be built after the developer, Kaitlin Woods, LLC, defaulted on its mortgage to NSB.[1]

¶ 3. The Association was formed concurrently with the original condominium Declaration recorded on November 12, 2008.[2] The original Declaration stated that the Association would be an expanding condo-

[1] The original Developer was Westaire, Inc., which created and filed the Declaration. Also identified as an "Additional Developer" in the Declaration was "Kaitlin Woods, LLC." To avoid confusion between Kaitlin Woods, LLC, the Developer, and Kaitlin Woods Condominium Association, Inc., the plaintiff in this action, we refer to the plaintiff as "the Association."

[2] WISCONSIN STAT. ch. 703 generally establishes the requirements for creating and operating condominiums in Wisconsin. WISCONSIN STAT. § 703.03 (2011–12) requires the owner(s) of property execute and record a Declaration to create a condominium. *See id.* WISCONSIN STAT. § 703.02(8) defines "Declaration"

4

minium and that the Developer could expand the condominium without unit owner or mortgage approval for ten years. The condominium was subsequently expanded multiple times in the ten-year period following the original Declaration. The final expansion to the condominium plat added sites for two buildings—Building 18 and Building 19. At the time of the foreclosure, NSB acquired the land on which Building 19 had been planned. At the time this appeal was filed, Building 18 was being constructed and Building 19 did not (and still does not) exist.

¶ 4.   Kaitlin Woods, LLC, the Developer, defaulted on its loan, and in September 2008, NSB filed a foreclosure action in Milwaukee County. NSB subsequently obtained a foreclosure judgment and the Developer's interests were transferred by sheriff's sale. NSB obtained the following two parcels of land:

> Lot 3 of Certified Survey Map No. 6538 recorded in the office of the Register of Deeds for Milwaukee County, Wisconsin, on July 27, 1998, as Document No. 7571686 . . . .

> Units 1–6 in Building 19 in the Kaitlin Woods Condominiums created by a "Declaration of Condominium" recorded on November 12, 1998, in the Office of the Register of Deeds for Milwaukee County, Wisconsin, as Document No. 7632634 . . . .

¶ 5.   In November 2010, the Association filed suit against NSB for failing to pay condominium assessment fees for the unbuilt units in Building 19. NSB refused to

---

as "the instrument by which a property becomes subject to this chapter, and that declaration as amended from time to time."

All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted. No party has argued that WIS. STAT. ch. 703 in 2008 was different from the current version in any way material to this appeal.

pay assessment fees, arguing that pursuant to the Declaration, it was not obligated to pay assessments because it did not receive a conveyance of units, but rather, it received vacant land. NSB also argued that because it took title under the sheriff's deed, it became a successor Developer and was exempt from assessment fees under the terms of the Declaration.

¶ 6. Ultimately, both parties filed for summary judgment.[3] The Association argued that pursuant to the Declaration, NSB was responsible for condominium assessment fees for each of the six units platted for Building 19. The Association relied on Article VIII, Section 8, of the Declaration, which provides:

> Section 8. DATE OF COMMENCEMENT OF ANNUAL ASSESSMENTS. The *annual assessments* provided for herein shall be payable in monthly installments *and shall commence as to a Unit on the date of the conveyance of such Unit to a third party* (other than Developer or Additional Developer) by the Developer or Additional Developer.

(Emphasis added.) NSB relied on Article I, Section 2, of the Declaration, to support its contention that it became either a Developer or an Additional Developer, and was therefore exempt from association fees described in Article VIII, Section 8:

> "DEVELOPER" shall mean and refer to Westaire, Inc., a Wisconsin corporation, its successors and assigns *or any party which succeeds to the interest of the Developer* in all or a portion of the land known as Parcel 3 of Certified Survey Map No. 6538, other than the purchaser of a single Unit . . . .

---

[3] The Association filed for partial summary judgment on its claims for a money judgment and a condominium lien foreclosure against NSB. NSB filed for summary judgment for the dismissal of all of the Association's claims.

6

"ADDITIONAL DEVELOPER" shall mean and refer to Kaitlin Woods, LLC, a Wisconsin limited liability company, its successors and assigns, *or any party which succeeds to the interest of the Additional Developer* in all or a portion of the land known as Parcel 1 of Certified Survey Map No. 6538, other than the purchaser of a single Unit.

(Emphasis added.) The circuit court granted NSB's motion, finding that NSB was not obligated to pay assessment fees. The circuit court reasoned that because the conveyance occurred by sheriff's sale, rather than through the Developer, the annual assessment fees discussed in the Declaration were never triggered. The circuit court did not reach the question of whether NSB became a Developer itself. This appeal follows.

## DISCUSSION

¶ 7. On appeal, the Association argues that it is entitled to assessment fees because the terms of the original Declaration did not anticipate the loss of the subject property through foreclosure. More specifically, the Association contends that the circuit court's ruling disregarded "the circumstances at the time of the conveyance and the intent of the drafter" because requiring a conveyance by the Developer or Additional Developer became impossible as soon as the property was lost through foreclosure.

¶ 8. NSB maintains that it is a "Developer" or, alternatively, an "Additional Developer" under the Declaration because it succeeded to the interest of the Developer or Additional Developer, thereby absolving it of any responsibility to pay assessment fees. We agree. Because the plain language of the Declaration exempts NSB from assessment fees, we decline to consider the Association's arguments regarding the intent of the

Declaration drafters and affirm the circuit court based on the language of the Declaration.

## A. Standard of Review.

¶ 9. In reviewing the grant or denial of a summary judgment, we apply the same methodology as the circuit court and review *de novo* whether the circuit court properly granted or denied summary judgment. *See Racine Cnty. v. Oracular Milwaukee, Inc.*, 2010 WI 25, ¶ 24, 323 Wis. 2d 682, 781 N.W.2d 88. Summary judgment is proper if there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2); *Burbank Grease Servs., LLC v. Sokolowski*, 2006 WI 103, ¶ 13, 294 Wis. 2d 274, 717 N.W.2d 781. "Whether facts fulfill a particular legal standard is a question of law to which we give *de novo* review." *Bantz v. Montgomery Estates, Inc.*, 163 Wis. 2d 973, 978, 473 N.W.2d 506 (Ct. App. 1991). Because the standard of review of an order granting summary judgment is *de novo,* we may affirm on any appropriate ground. *See Hansen v. Texas Roadhouse, Inc.*, 2013 WI App 2, ¶¶ 32–33, 345 Wis. 2d 669, 827 N.W.2d 99 (WI App 2012).

¶ 10. The interpretation of a written document affecting land is a question of law that we review independently of the circuit court. *See Solowicz v. Forward Geneva Nat'l, LLC*, 2010 WI 20, ¶ 13, 323 Wis. 2d 556, 780 N.W.2d 111. When reviewing contracts, we owe no deference to the circuit court's construction. *See Harris v. Metropolitan Mall*, 112 Wis. 2d 487, 503–04, 334 N.W.2d 519 (1983). If the contract is unambiguous, our inquiry is limited to the four corners

8

of the contract and we do not consider other evidence as to what the parties intended. *See Huml v. Vlazny*, 2006 WI 87, ¶ 52, 293 Wis. 2d 169, 716 N.W.2d 807. Unambiguous language in a contract must be enforced as it is written. *Cernohorsky v. Northern Liquid Gas Co.*, 268 Wis. 586, 593, 68 N.W.2d 429 (1955). "Language in a contract is ambiguous only when it is 'reasonably or fairly susceptible of more than one construction.'" *Teacher Ret. Sys. of Texas v. Badger XVI Ltd. P'ship*, 205 Wis. 2d 532, 555, 556 N.W.2d 415 (Ct. App. 1996) (citation omitted).

## B.  The Language of the Declaration.

■

¶ 11.   Our analysis turns on the relevant definitions in the Declaration, found in Article I, Section 2, of the Declaration. "Developer" is defined as *"Westaire, Inc.* a Wisconsin corporation, its successors and assigns, *or any party which succeeds to the Interest of the Developer* in all or a portion of the land . . . of Certified Survey Map No. 6538, *other than the purchaser of a single Unit. . . ."* (Emphasis added.) Nothing in the record even hints that NSB is the purchaser of a single unit. Even the Association argues that NSB is the owner of six units. NSB has succeeded to the interest of Westaire, Inc. in the portion of land described in this part of the Declaration, which exempts NSB from assessments under Article I, Section 2. While a purchaser of a single unit might not fall under the exemption, NSB is not the purchaser of a single unit. Under the plain language of the Declaration, NSB is a "Developer."[4]

---

[4] The Association argues in its brief that because NSB is not building the platted units, it is not a Developer or Additional

¶ 12.   The Declaration, in Article I, Section 2, also defines "Additional Developer" as "*Kaitlin Woods LLC,* a Wisconsin limited liability company, its successors and assigns *or any party which succeeds to the interest of the Additional Developer* in all of or a portion of the land . . . of Certified Survey Map No. 6538, *other than the purchaser of a single Unit.*" (Emphasis added.) NSB has succeeded to the interest of Additional Developer, Kaitlin Woods, LLC, in the portion of the land described in this part of the Declaration and is not the purchaser of a single unit. Under the plain language of the Declaration, NSB is also an "Additional Developer."

¶ 13.   Article VIII, Section 8, of the Declaration authorizes annual assessments to begin "as to a Unit on the date of the conveyance of such Unit to a third party *(other than Developer or Additional Developer)* by the Developer or Additional Developer." (Emphasis added.) This provision unambiguously requires the conveyance of the property to a party other than a Developer or an Additional Developer for the assessment fees to commence. As shown above, NSB acquired title as a Developer or Additional Developer and thus is not a "third party" under the Declaration language. Accordingly, the transfer to NSB does not trigger commencement of the assessment fees.

¶ 14.   We previously addressed the question of whether the owner of unconstructed condominium property must pay assessment fees under the terms of

Developer. Had the Declaration definitions of those terms included specific action beyond succeeding "to the interest of" the Developer or an Additional Developer, the argument might have some traction. Here, to consider that argument we would have to ignore specific definitions in the Declaration. We may not ignore provisions in a Declaration which do not conflict with specific statutes. *See* Wis. Stat. § 703.30(4).

that condominium Declaration in *Aluminum Industries Corp. v. Camelot Trails Condominium Corp.*, 194 Wis. 2d 574, 576–77, 535 N.W.2d 74 (Ct. App. 1995). In that case, the issue was whether "condominium property on which no construction ha[d] taken place [was] a 'unit' subject to assessment for common expenses under [Wis. Stat.] § 703.16(2)." *Aluminum Indus.*, 194 Wis. 2d at 576–77. The applicable assessment statute, § 703.16(2), required unit owners to pay expenses "in proportion to their percentage interests in the common elements *or as otherwise provided in the declaration.*" *See id.* (emphasis added). We concluded that while the vacant lands constituted "units," Aluminum Industries was not obligated to pay assessment fees because the language of the Declaration only required assessment fees to be paid on constructed units. *Aluminum Indus.*, 194 Wis. 2d at 585–86. Thus, the assessment statute provided flexibility for the Declaration to determine assessment obligations.

■

¶ 15.   Pursuant to *Aluminum Industries*, there is no question that the six plats of Building 19 constitute "units" under the statute. However, as in that case, we look to the language of the Declaration to determine whether it "otherwise provided" terms that prevent the Association from assessing NSB for the unbuilt but platted units at issue. *See* Wis. Stat. § 703.16(2); *Aluminum Indus.*, 194 Wis. 2d at 577.

¶ 16.   As we concluded in *Aluminum Industries*, a Declaration may provide for a different assessment arrangement. *Id.* at 585–86. In *Aluminum Industries*, we concluded the Declaration required assessments be paid on "dwelling units" only. *Id.* at 590. In other words, the Declaration distinguished between planned units and built units and only required fees to be paid on the

built units. The same is true here. The Kaitlin Woods declaration describes "Unit" as including " . . . two bedrooms, two bathrooms, a kitchen, a living room, a dining room, a porch on the first floor Units, and a den and bedroom on the second floor Units, and a 2 car garage." Thus, it is clear that an unbuilt unit is not a "Unit" within the language of the Kaitlin Woods Declaration. Because assessments are only due on a "Unit," NSB is not obligated to pay an assessment on the unbuilt units.

¶ 17.    We also conclude that the plain language of the Declaration controls the decision here. The relevant provisions of the Declaration are clear and unambiguous; therefore, we decline to consider the Association's additional arguments. *See Huml*, 293 Wis. 2d 169, ¶ 52 (If the contract is unambiguous, our inquiry is limited to the four corners of the contract, and we do not consider other evidence as to what the parties intended.).

*By the Court.*—Order affirmed.