COURT OF APPEALS
DECISION
DATED AND FILED

March 28, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1596**

STATE OF WISCONSIN

Cir. Ct. No. 2021CV166

IN COURT OF APPEALS
DISTRICT IV

BANK OF NEW YORK MELLON,

    PLAINTIFF-RESPONDENT,

  V.

DIANE G. CANO AND MARIO A. CANO,

    DEFENDANTS-APPELLANTS.

---

APPEAL from a judgment of the circuit court for Jefferson County: BENNETT J. BRANTMEIER, Judge. *Reversed.*

Before Graham, Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Diane Cano and Mario Cano, by counsel, appeal a summary judgment of foreclosure entered by the circuit court in favor of Bank of

New York Mellon (the Bank). On appeal, the Canos argue that the Bank's submissions in support of summary judgment do not establish a prima facie case for summary judgment. We agree. Specifically, we conclude that there are disputed, genuine issues of material fact regarding the authenticity of the promissory note, a copy of which was attached to the foreclosure complaint, and those disputes of fact preclude the entry of summary judgment in the Bank's favor. Accordingly, we reverse.

## BACKGROUND

¶2 This is a foreclosure action on the Canos' home, which was initiated by the Bank, in care of Specialized Loan Servicing, LLC. Specialized Loan Servicing, LLC is the mortgage loan servicer for the Canos' account.

¶3 The Bank attached several documents to the foreclosure complaint, including copies of a promissory note and mortgage purportedly executed by Diane Cano on or about July 27, 2006. The lender named on the promissory note and mortgage is S&L Investment Lending, Inc. According to the complaint, the Bank is the current holder of the promissory note, the mortgage was assigned to the Bank through a chain of events not directly relevant to the issues we address on appeal, and the Bank recorded an assignment of mortgage with the Jefferson County register of deeds. The Bank alleges that the Canos failed to comply with the terms of the note and mortgage by failing to make a payment due on March 1, 2018, and failing to make monthly payments thereafter.

¶4 The Bank moved for summary judgment and filed, along with the motion, a supporting affidavit sworn to by Steven Ross, second assistant vice president of Specialized Loan Servicing, LLC. The Canos filed an objection to the motion for summary judgment. In support of the objection, Diane Cano filed an

affidavit in which she averred that, on May 26, 2022, she inspected a file "purporting to contain the original Note and Mortgage," which had been produced for her by the Bank at her request. Cano averred that "[t]his Note purports to contain my signature. I dispute that the signature on the note is my signature and deny that I signed the document."

¶5　　The circuit court held a hearing on the motion at which it heard arguments from the parties' attorneys. At the close of the hearing, the circuit court granted summary judgment in favor of the Bank, finding that there were no genuine issues of material fact in dispute between the parties. The Canos appeal.

## STANDARD OF REVIEW

¶6　　"In reviewing the grant or denial of a summary judgment, we apply the same methodology as the circuit court and review de novo whether the circuit court properly granted or denied summary judgment." *Kaitlin Woods Condo. Ass'n, Inc. v. North Shore Bank, FSB*, 2013 WI App 146, ¶9, 352 Wis. 2d 1, 841 N.W.2d 562. Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Germanotta v. National Indem. Co.*, 119 Wis. 2d 293, 296, 349 N.W.2d 733 (Ct. App. 1984).

## DISCUSSION

¶7　　The Canos argue that the circuit court erred in granting the Bank's summary judgment motion because the materials submitted in support of the motion fail to establish a prima facie case for summary judgment. We agree. We focus our discussion on the promissory note because we conclude that there are disputed, genuine issues of material fact as to the authenticity of the note.

¶8 The Canos dispute the authenticity of the promissory note attached to the complaint and argue that the Bank has failed to establish that it is in possession of the original note. Diane Cano maintains on appeal that she disputes the signature that appears on the note. The Canos argue that the Ross affidavit is insufficient to authenticate the note because Ross does not aver that he has personal knowledge of the Canos' actions in 2006 when the note purportedly was signed. The Canos argue that, therefore, the Ross affidavit does not comply with the requirement under WIS. STAT. § 802.08(3) (2021-22)[1] that affidavits in support of summary judgment "shall be made on personal knowledge and shall set forth such evidentiary facts as would be admissible in evidence." *See also **Palisades Collection LLC v. Kalal***, 2010 WI App 38, ¶15, 324 Wis. 2d 180, 781 N.W.2d 503.

¶9 The Bank asserts that it possesses the original note and that the Canos were permitted to inspect it at the office of the Bank's attorney. The Bank argues that, as the holder of the note, it has the right to enforce the note. *See* WIS. STAT. § 403.301. Pursuant to WIS. STAT. § 401.201(2)(km)1., a "holder" is defined as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Possession of the original note by the loan servicer or counsel, in their capacity as legal representative of a bank, does not impair the bank's status as holder. *Deutsche Bank Nat'l Trust Co. v. Wuensch*, 2018 WI 35, ¶28, 380 Wis. 2d 727, 911 N.W.2d 1.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶10     For purposes of this decision, we assume without deciding that, if the Bank is the holder of the original note, it has the legal right to enforce it. However, as we now explain, there remains a factual dispute as to whether Diane Cano signed the note that the Bank allegedly holds.

¶11     Pursuant to WIS. STAT. § 403.104(1), the note is a negotiable instrument. WISCONSIN STAT. § 403.308(1) provides the following regarding the authenticity of a negotiable instrument: "In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings." Here, the Bank alleged in the complaint that a true and correct copy of the note was attached as Exhibit A. In the answer, the Canos specifically denied that allegation. In her affidavit submitted in opposition to summary judgment, Diane Cano denied that she signed the note that the Bank provided for inspection, which was represented to be the original note. Diane Cano continues to dispute the signature on appeal. The Bank does not address in its respondent's brief the issue of the disputed signature. Therefore, the authenticity of the note and, specifically, Diane Cano's signature are genuine issues of material fact. We will reverse a decision granting summary judgment where, as here, material facts are in dispute. *See Official Comm. of Unsecured Creditors of Great Lakes Quick Lube LP v. Theisen*, 2018 WI App 70, ¶25, 384 Wis. 2d 580, 920 N.W.2d 356.

¶12     The Canos also argue that the assignment of mortgage, a copy of which was attached to the Ross affidavit as Exhibit C, is not properly authenticated by the affidavit or other means and, therefore, is not admissible evidence. The Bank counters that the assignment of mortgage, as well as all of the other documents appended to the Ross affidavit, are admissible under an exception to the hearsay rule as "records of regularly conducted activity." *See* WIS. STAT.

§ 908.03(6). Because we reverse on other grounds, we need not address this issue. ***State v. Mark A.***, 177 Wis. 2d 551, 554 n.1, 503 N.W.2d 275 (Ct. App. 1993); *see also* ***State v. Castillo***, 213 Wis. 2d 488, 492, 570 N.W.2d 44 (1997) ("An appellate court should decide cases on the narrowest possible grounds.").

In conclusion, we reverse the summary judgment of foreclosure because there are disputed, genuine issues of material fact regarding the authenticity of the promissory note.

*By the Court.*—Judgment reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.